<span>HUGHES
vs.
HARRISON.</span>

---

### SPRIGG vs. CUNY'S HEIRS.

APPEAL from the court of the 6th district.

MATHEWS, J. delivered the opinion of the court. This suit is brought on two negotiable notes, the amount of which the plaintiff claims from the defendants, as representatives of the first endorser, who is dead. He obtained judgment against them in the court below, from which they appealed.

The pleadings and evidence of the cause shew that the notes in question had been regularly endorsed, in full from the payee down to the present claimant, who endorsed them in blank, which endorsement was never filled up to any person. They passed into other hands, under the blank endorsement, who caused them to be protested for non-payment, and notice to be given to the endorsers. No re-transfer from the last holder to the present plaintiff, appears to have been made in wri-

<span>Repossession of a note once specially transferred by the endorser, is not evidence of title; but it is if the transfer was in blank.
The holder of a negotiable note, by blank endorsement, may maintain suit on it, without filling up the same to himself.</span>

Western Dis, ting; but after he had obtained possession of
*October* 1828,
the notes, he filled up his own blank endorse-

Sprigg
*vs,*          ment to himself.
Cuny's
heirs.          This act, as it appears to us, cannot better
the situation of the appellee.   He could by it
create no more title in himself, than that which
he had by the re-delivery of the notes, and
possession acquired under it, as a *bona fide*
holder.   According to several decisions of
this court, the drawer of a bill of exchange,
accepted in favour of the payee, and endorser
of a note of hand,  when the endorsement has
been filled up to the endorsee, cannot maintain
actions on  such instruments without proving
a re-transfer of the title and interest thus trans-
ferred  and  acquired  by the latter.   In those
cases,  the mere possession of  the bill or note,
unaided by any proof of the extinguishment of
the rights acquired by the holders or the trans-
ferors, was considered not even as *prima fa-
cie* evidence of title in the latter.   *See* 1 *N. S.
p.* 301 *& 273.*

It has been also decided by this court, that
the holder of  a  negotiable  note,  under
a  blank  endorsement,  may  maintain  a
suit without filling up the same to himself.
He is considered as having obtained a full and

complete title to the instrument by delivery,
when supported on regular endorsements.
And it is immaterial through how many hands
it may have passed in pursuance of this simple
mode of transfer.

According to these decisions, the plaintiff must fail in the present action, unless a just and reasonable distinction can be drawn between the situation of an endorser in blank, and one who has made a full and complete transfer, expressed in writing. This distinction, we are of opinion, may be fairly made when a note is handed over from one holder to another. Under a blank endorsement, possession *alone* is evidence of title, at least *prima facie.* If it should return in the same manner to the last endorser in blank (whose endorsement, it is true, has transferred his right to all and every person who may become its holder, and remains transferable, by simple delivery, to all the world) what reason can be adduced to prove that the last endorser may not, in this manner, be revested with his original rights? Until the re-delivery, he had no title, because that was transferred by his endorsement. But this being in blank, the signature of no other person was necessary to

SPRIGG
*vs.*
CUNY's
HEIRS.

keep the paper in circulation; whereas, when an endorsement is full and perfect, the signature of the endorser is absolutely necessary to transfer right and title to any other person; and would be necessary in a re-transfer to the endorsee, or proof of payment under protest; but ought not to be required in cases of blank endorsement·

' It is, therefore, ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.

*Thomas* for the plaintiff—*Johnston* for the defendant.